```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 1:08-CR-00039 |
| v. | : | **FINDINGS OF FACT,** |
| | : | **CONCLUSIONS OF LAW** |
| DERRICK L. BEVERLY (1), and | : | |
| DARRYL KINDER (2). | : | |

This matter is before the Court for decision following the August 7, 2008 evidentiary hearing. In rendering its decision on this matter, the Court has considered the testimony of the witnesses, the documents admitted into evidence and the parties' respective Proposed Findings of Fact and Conclusions of Law Regarding the Weight of the Cocaine Base (docs. 63, 64, 65). For the reasons indicated herein, the Court FINDS that the government has failed to establish beyond a reasonable doubt that the weight of the cocaine base in this matter exceeded 50 grams, and therefore CONCLUDES under 21 U.S.C. § 841(b) that the applicable minimum mandatory sentence for the co-Defendants Derrick Beverly and Darryl Kinder is five years.

On May 20, 2008, Defendant Beverly entered into a plea of guilty to Count Three of the Indictment, charging him with Conspiracy to Commit a Drug Trafficking Offense, with intent to distribute in excess of 50 grams of cocaine base (docs. 25, 25). On June 24, 2008, Defendant Kinder entered a plea of guilty to

Count One of the Indictment, charging him with Possession with the Intent to Distribute in excess of 50 grams of Cocaine Base, as well as a plea of guilty to Possession of Firearms in Furtherance of a Drug Trafficking Crime (docs. 49, 51).  Kinder reserved the right to have the Court determine the weight of the cocaine for sentencing purposes, and the Court granted his request for an evidentiary hearing on the question (doc. 53).  Beverly joined in the motion, and the Court held a hearing at which all parties were present (doc. 62).

The government's principal witness, Jennifer Watson ("Watson"), a forensic chemist, testified as to the methodology she used in weighing the cocaine base and arriving at a weight of 50.57 grams.  Defendants' expert witness, William Connick, PhD, ("Connick") testified that he weighed the sample on May 22, 2008 and arrived at a weight of 33 grams.  In weighing the testimony of the witnesses, the Court evaluated the credibility of each witness, their interest in the outcome of the hearing, their manner of testifying, and the extent to which such testimony was supported or contradicted by other credible evidence.  Under Fed. R. Civ. P. 52, the Court has set forth its findings of fact and conclusions of law, below.

**I.  Findings of Fact**

1.  The material that was later tested and determined to be crack cocaine was seized by the Clinton County Ohio Deputy Sheriffs at

Defendants' residence at 872 N. Webb Road, Wilmington, Ohio, on November 1, 2007. The Sheriffs did not complete a field weighing of the crack cocaine.

2. The drug material, including small plastic pieces or wrappers, was contained in two plastic bags. The Sheriffs deposited the material in a sealed plastic bag and further sealed it in a manila envelope with red tape on both ends of the envelope. It remained in such packaging when it arrived at the Miami Valley Regional Crime Lab, where the forensic chemist Jennifer Watson weighed the material on November 16, 2007.

3. Watson weighed each of the two plastic bags of cocaine once.

4. Watson's report is as follows:

> "One plastic bag containing an off-white chunky substance. The above item was analyzed and found to contain Crack Cocaine (Sch II), having a net weight of 44.99 grams.
>
> One plastic bag containing three pieces of plastic each containing an off-white chunky substance
>
> The above item was analyzed and found to contain Crack Cocaine (Sch. II) having a net weight of 5.58 grams."

5. The lab notes state,

> "1 man env. c. an off-white chunky substance have a weight of 44.99 g" and 1 pl. bag c 3 pcs of plastic each c an off-white chunky substance having a net wt of 5.58 g."

6. Watson testified that she weighed the contents of the bags once, and then she weighed a sample to determine if the State of Ohio drug minimums were met. The sample for the first bag (the

whole of which weighed 44.99 grams), weighed 37.40 grams, and the sample for the second bag was 5.06 grams.

7. Watson did not state that she remembered weighing the material, but rather stated based on her notes "she would have" weighed the mixture separately from the plastic bags.

8. While Watson testified that she would have weighed the crack cocaine separately from the plastic bags, her report and lab notes can be read to indicate she weighed the crack cocaine in the bags, or at least without separating the additional plastic material.

9. Connick testified that when he weighed the material approximately six months after Watson, he weighed it three times with two balances. Connick testified that in his weighing he initially tried to weigh the crack separately but "when it became apparent that separation of solid from the various plastic bags would be a tedious process" he decided to weigh the contents and the bags together. Connick arrived at a total weight for the plastic bags, the small bags of plastic in the plastic bags, and the crack, of 33.911 grams.

10. Watson testified that the difference in weight between her weighing and that by Connick could be attributed to evaporation of water, a component of crack cocaine, along with baking soda and cocaine. Watson described the plastic bags as porous. In contrast, Connick described the plastic bags and manila envelope as air tight to the degree that he found it "surprising" that the

crack cocaine could have lost one third of its weight between the two weighings.

11. Both experts testified that crack cocaine has the ability to lose weight or gain weight through evaporation and absorption. Both experts stated there are a number of conditions that can affect the evaporation or absorption rate, and they include the relative humidity of the area where the crack is stored, the container and the sealing of the crack, and the surface area of the crack cubes.

12. Watson acknowledged that her level of certainty was five on a scale of ten that the material she weighed sixteen days after the seizure could have gained weight.

13. At the least, it may be concluded that the weight of the material at the time of seizure is subject to conjecture and dependent on variables of unknown values.

**II. Conclusions of Law**

1. Where as here, Defendants will be sentenced under the higher tiers of the statutory scheme, that is 21 U.S.C. § 841(b)(1)(A), the government must prove beyond a reasonable doubt the quantity of drugs involved. <u>United States v. Copeland</u>, 321 F.3d 582, 602 (6th Cir. 2003).

2. The government has not carried its burden that the amount of the cocaine base was more than 50 grams at the time it was seized under the reasonable doubt standard. The Court finds reasonable

doubt based on a number of factors in this case: the lack of field weighing at the time of seizure, the possibility of weight gain through absorption before Watson's weighing of the material, a lack of certainty based on Watson's notes as to whether she removed all of the plastic interspersed in the material, and the great disparity between the weight she arrived at, and the weight Connick arrived at.

3. The Court can only find beyond a reasonable doubt that the weight of the contraband for purposes of sentencing is based on the weighing by Connick, who determined the cocaine, independent of plastic packaging, weighed 32.81 grams.

4. Because less than 50 grams of cocaine base is attributable to each Defendant, the Court concludes under 21 U.S.C. § 841(b) that the applicable minimum mandatory sentence for the co-Defendants Derrick Beverly and Darryl Kinder is five years.

Having reviewed this matter, the Court FINDS that the government has failed to establish beyond a reasonable doubt that the weight of the cocaine base in this matter exceeded 50 grams. These matters shall proceed to sentencing accordingly, on October 22, 2008.

SO ORDERED.

Dated: September 9. 2009    /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge

6